UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-cv-61906-WJZ

ACCESS 4 ALL, INC., a Florida Non Profit
Corporation, and JOE HOUSTON, Individually,

      Plaintiffs,

vs.

EQUITY ONE, INC., a foreign for profit
corporation,

      Defendant.
_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, EQUITY ONE INC. ("Defendant"), answers the Complaint of Plaintiffs and states as follows:

1. Without knowledge, thus denied.

2. It is admitted that the subject shopping center is located in Hollywood, Florida. All remaining allegations in Paragraph 2 are denied.

3. It is admitted that venue is proper in the Southern District of Florida. All remaining allegations in Paragraph 3 are denied.

4. It is admitted that this Court has jurisdiction over this matter. All remaining allegations in Paragraph 4 are denied.

5. Defendant is without knowledge and thus denies the allegations regarding Plaintiff JOE HOUSTON's residence and disability. All remaining allegations in Paragraph 5 are denied.

6. Denied.

CASE NO.: 0:11-cv-61906-WJZ

7. Denied.

8. Denied.

9. Denied.

10. Denied, including all subsections included therein.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

Further responding to Paragraphs 1 through 16 of the Complaint, all allegations not specifically admitted are denied.

## **AFFIRMATIVE DEFENSES**

17. As and for an affirmative defense, Defendant asserts that the Complaint brought under the ADA fails to state a claim upon which relief may be granted.

18. As and for an affirmative defense, Defendant asserts that to alter the subject premises to the extent required by Plaintiffs would constitute undue hardship including, but not limited to, significant difficulty and expense.

19. As and for an affirmative defense, Defendant asserts that Plaintiffs' requested modifications are not reasonable.

20. As and for an affirmative defense, Defendant asserts that Plaintiffs' requested modifications would fundamentally alter the nature of the subject facilities.

CASE NO.: 0:11-cv-61906-WJZ

21. As and for an affirmative defense, Defendant asserts that the requested modifications are not readily achievable or, in the alternative, are not technically feasible. Any alternative methods, if they exist, are not readily achievable or technically feasible.

22. As and for an affirmative defense, Defendant asserts that some of the modifications that have been suggested in the Complaint would create a direct threat to Plaintiffs and/or third persons.

23. As and for an affirmative defense, Defendant asserts that it has made, and continues to make, a good faith effort to improve the subject property's accessibility for individuals who are disabled within the meaning of the ADA.

24. As and for an affirmative defense, Defendant asserts that the cost and scope of the requested modifications shall be disproportionate to the cost of any overall alteration.

25. As and for an affirmative defense, Defendant asserts that it has fulfilled all of its obligations under Title III of the ADA.

26. As and for an affirmative defense, Defendant asserts that it has removed all barriers to access for individuals with disabilities that are readily achievable.

27. As and for an affirmative defense, Defendant asserts that the conditions precedent to the filing of this lawsuit have not been met or have been waived.

28. As and for an affirmative defense, Defendant asserts that Plaintiff JOE HOUSTON lacks standing to bring this action as to any requirement which is not designed to provide accommodation based upon his individual disability.

29. As and for an affirmative defense, Defendant asserts that it is not liable for barriers to access on property that it does not own, operate, or lease.

CASE NO.: 0:11-cv-61906-WJZ

30. As and for an affirmative defense, Defendant asserts that Plaintiff, ACCESS 4 ALL, INC., lacks standing to bring this action on behalf of its individual members.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of October, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record or *pro se* parties identified on the attached Service List in the manner specified.

**GREENSPOON MARDER, P.A.**
Attorneys for Defendant
100 W. Cypress Creek Road
Suite 700
Ft. Lauderdale, FL 33309
Phone: (954) 491-1120
Fax:    (954) 267-8027

BY: ____s/ Peter R. Siegel_____
   **PETER R. SIEGEL**
   Florida Bar #988634

CASE NO.: 0:11-cv-61906-WJZ

## SERVICE LIST

*Attorneys for Plaintiffs*

Barbara R. Joyner, Esq. Of counsel
1470 E. Michigan St.
Orlando, FL  32806
Phone: (407) 481-7997
Fax: (407) 481-7986
bjoyneresq@aol.com

*-and-*

Thomas B. Bacon, P.A.
4868 S.W. 103rd Avenue
Cooper City, FL  33328
Phone: (954) 478-7811
Fax: (954) 237-1990
tbb@thomasbaconlaw.com